IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

FILED
FEB - 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

HARTFORD CASUALTY INSURANCE
COMPANY, an Indiana Corporation,
Hartford Plaza
Hartford, Connecticut 06115

    Plaintiff,

v.

COUNCIL FOR RESPONSIBLE NUTRITION,
a District of Columbia Corporation,
1828 L Street, NW
Suite 900
Washington, DC 20036-5114

    and

ANNETTE DICKINSON, Ph.D., a Resident of
Mount Airy, Maryland,
6527 Carrie Lynn Court
Mount Airy, MD 21771-7601

    Defendants.

CASE NUMBER 1:06CV00209

JUDGE: Reggie B. Walton

DECK TYPE: Contract

DATE STAMP: 02/6/2006

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Hartford Casualty Insurance Company ("Hartford"), by counsel, sets forth the following as its complaint for a declaratory judgment against Defendants Council for Responsible Nutrition ("CRN") and its former president, Annette Dickinson, and in support thereof states:

**Jurisdiction and Venue**

1. This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, for the purposes of determining questions of actual controversy between and among the parties as hereinafter more fully appear.

1

2. Hartford is an Indiana corporation with its principal place of business in Connecticut. Hartford offers contracts providing insurance and is licensed to conduct business in, and is conducting business in, the District of Columbia.

3. CRN is a corporation organized under the laws of, and having its principal place of business in, the District of Columbia.

4. Annette Dickinson, Ph.D., is a citizen and resident of Mount Airy, Maryland who served as the president for CRN during the time relevant to the issues herein.

5. The amount in controversy exceeds $75,000 exclusive of interest and costs.

6. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

7. This venue is proper under 28 U.S.C. § 1391(a)(2).

**General Allegations**

8. Hartford and CRN entered into a contract of commercial business liability insurance, number 42 SBA FT4964 (the "Policy"), in effect from April 1, 2004 through April 1, 2005.

9. CRN is a trade association of suppliers and manufacturers of vitamins and dietary supplements.

10. ConsumerLab.com, LLC ("CL") is a New York Limited Liability Company that describes itself as an independent evaluator of health and nutrition products. It has evaluated a number of products manufactured, distributed, or sold by CRN member companies.

11. On or about January 12, 2005, CRN, through Dickinson, sent a "complaint" letter or a request for an "Enforcement Action Against ConsumerLab.com" to the chairman of the Federal Trade Commission ("FTC").

12. In its letter to the FTC (the "FTC Complaint Letter"), CRN made a number of assertions about CL including that:

    a. its promotional activities were unfair and deceptive trade practices under Section 5 of the FTC Act;

    b. it has misled the public and the media;

    c. it would "hide what it was paid to hide and publicize what it is paid to publicize";

    d. it falsely and fraudulently deals with the public;

    e. it utilizes a deceptive tone;

    f. it engages in unscrupulous practices; and

    g. its business model represents "an egregious form of consumer fraud and deception."

13. CRN then, apparently, posted the FTC Complaint Letter regarding CL on its website.

### The CL Lawsuit

14. On or about April 5, 2005, CL filed a Verified Complaint against CRN and Dickinson in the Supreme Court of New York, County of Westchester (the "*CL* Complaint").

15. The *CL* Complaint alleged several causes of action against CRN, focusing on CRN's motivation for filing the FTC Complaint Letter and posting that document on CRN's website.

16. CL alleged that the FTC Complaint Letter was not a legitimate exercise in seeking redress from a federal agency, but was simply part of a plan by CRN to discredit CL because CL had been reviewing, often unfavorably, the products of CRN's members.

17.  The factual basis of CL's lawsuit is set forth in the first twenty-five paragraphs of the Verified Complaint. In describing CRN's motivation for filing and publishing the FTC Complaint Letter, CL asserts that:

  a.  CRN used the FTC complaint letter "for a broad-based media campaign ... which was intended to, and did, defame Plaintiff [CL] and cause damage to Plaintiff's business income and reputation" (¶ 10);

  b.  the FTC complaint letter "was a pretext to purposefully and maliciously initiate and conduct a widespread defamatory media campaign against the Plaintiff" (¶ 11); and

  c.  that "a principal purpose of Defendants' [CRN and Dickinson] defamatory media campaign against [CL] was to silence [CL] and thereby cut off the flow of legitimate consumer information published by [CL] in a misguided effort that by doing so Defendants would be shielding CRN's members from any adverse findings in [CL's] *bona fide* test results of products manufactured or distributed by CRN's members" (¶ 13).

18.  CL "repeats, reiterates, and realleges" these allegations in every cause of action asserted by CL against CRN and Dickinson.

**Coverage Demand**

19.  In April of 2005, notice of the *CL* Complaint against CRN was forwarded to Hartford.

20.  The *CL* Complaint was reviewed by Hartford.

21.  The Policy provides coverage, in certain circumstances, for "personal and advertising injury," which is defined to include a number of offenses, including the following:

4

{D0057052.1}

"Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services."

22.   However, there is an exclusion in the Policy that applies as follows: "This insurance does not apply to personal and advertising injury arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting 'personal and advertising injury.'"

23.   A review of the *CL* Complaint, and the attachments thereto, indicated that the basic premise of the CL lawsuit was the belief that CRN and Dickinson devised a scheme to conduct a media campaign to slander and disparage CL for the purpose of preventing CL from criticizing the products of certain of CRN's members.

24.   Hartford thus determined that the allegations of the *CL* Complaint are that the filing and publication of the FTC Complaint Letter were part of a campaign designed to discredit CL. As such, the libel and slander offenses described therein are alleged to be committed with "the expectation of inflicting" the injuries claimed by CL.

25.   Accordingly, on April 29, 2005, Hartford informed CRN that no coverage is available for the *CL* Complaint.

26.   Hartford believes that it owes no coverage obligation to CRN and Dickinson for the claim arising out of the alleged campaign against CL for the reasons, among others, that:

    a.   the "expectation" exclusion bars coverage; and

    b.   public policy precludes coverage for the conduct at issue.

27.   On information and belief, CRN and Dickinson continue to assert that they are entitled to a defense and/or insurance coverage under the Policy for the *CL* Complaint.

28.    There exists, therefore, an actual controversy of justiciable issue between and among the parties within the jurisdiction of this Court regarding the rights and obligations of the parties under the Policy in connection with the CL lawsuit.

WHEREFORE, Hartford respectfully requests that this Court:

A.    determine and adjudicate the rights and obligations of the parties with respect to the *CL* Complaint;

B.    find and declare that Hartford has no obligation to CRN or Dickinson under the Policy in connection with the *CL* Complaint; and

C.    provide such other relief to Hartford as it deems just.

Thomas S. Schaufelberger, Esq.
District of Columbia Bar No. 371934
Paul A. Fitzsimmons, Esq.
District of Columbia Bar No. 444829
Wright, Robinson, Osthimer & Tatum
5335 Wisconsin Avenue, NW
Suite 920
Washington, DC  20015-2054
Telephone: 202-244-4668
Facsimile: 202-244-5135
*Counsel for Plaintiff Hartford Casualty Insurance Company*